O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LARRY D. GRIFFIN, ) | Case No. EDCV 07-00746-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Larry D. Griffin ("Plaintiff") seeks review of the Commissioner's final decision denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed with prejudice.

I.   **Factual and Procedural Background**

Plaintiff was born on August 30, 1943, has a limited education, and relevant work experience as a construction laborer. (Administrative Record ("AR") at 14, 62, 320). Plaintiff's date last insured ("DLI")

for purposes of eligibility for disability benefits was December 31, 1998. (AR at 14, 318).

Plaintiff filed an application for DIB on November 27, 2001, alleging that he had been disabled since July 5, 1998, due to a back disorder, osteoarthritis of the lumbar spine, high blood pressure, and fatigue.[1] (AR at 318). The Social Security Administration denied this application at the initial and reconsideration levels. (AR at 41-44, 46-49).

At Plaintiff's request, a *de novo* hearing was held before Administrative Law Judge F. Keith Varney (the "ALJ") on April 28, 2003. (AR at 298-310). Plaintiff testified in his own behalf and was represented by counsel. *Id.* In a decision issued on May 20, 2003, the ALJ determined that Plaintiff was not disabled and not entitled to benefits. (AR at 13-17). The Appeals Council denied review. (AR at 3-5).

Plaintiff sought judicial review of the ALJ's decision. (AR at 341-43 (*Griffin v. Barnhart*, No. EDCV 05-947-MLG)). On May 10, 2006, pursuant to a Stipulation to Voluntary Remand, this Court remanded Plaintiff's case for further proceedings. (AR at 341-43). On July 25, 2006, the Appeals Council vacated the ALJ's decision, and directed the ALJ to further consider the postural limitations assessed by a consultative examiner, David L. Drake, M.D. (AR at 339-40).

A second hearing was held before the ALJ on March 22, 2007. (AR at 377-93). On April 6, 2007, the ALJ issued a decision denying

---

[1] Plaintiff filed a prior application for DIB in August 1997, alleging that he had been disabled since July 5, 1993. (AR at 57-59). That application was denied initially in September 1997 and on reconsideration in January 1998. (AR at 31-34, 37-40). Plaintiff did not appeal the denial. (AR at 20).

2

Plaintiff's application for DIB. (AR at 314-22). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since his alleged onset date of disability (step 1); (2) suffers from some degenerative changes in the musculoskeletal system (step 2); (3) does not have any impairments that meet or equal a Listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform a range of medium work;[2] (5) is unable to perform his past relevant work as a construction laborer, which was heavy work (step 4); and (5) is able to perform other work that exists in significant numbers in the economy, including work as a linen room attendant and warehouse laborer. (AR at 316-17, 319-21).

Plaintiff commenced this action for judicial review, contending that the ALJ erred in concluding that Plaintiff was not disabled. The Commissioner disagrees.

Plaintiff filed the present Complaint on June 20, 2007. On March 20, 2008, the parties filed a Joint Stipulation of disputed issues. Plaintiff raises the following arguments:

   1. The ALJ failed to properly consider Plaintiff's testimony.
   2. The ALJ failed to properly consider the type, dosages, effectiveness, and side effects of Plaintiff's medication.
   3. The ALJ failed to pose a complete hypothetical

---

[2] Specifically, the ALJ found that Plaintiff is able to: lift and/or carry 25 pounds frequently and 50 pounds occasionally; stand and/or walk six hours in an eight-hour workday with breaks every two hours; sit six hours in an eight-hour workday with breaks every two hours; and occasionally climb, balance, kneel, crouch, stoop and crawl. (AR at 317).

question to the vocational expert.
Plaintiff seeks remand for a payment of benefits or, in the alternative, remand for a new administrative hearing and further development of the record. (Joint Stipulation at 18). The Commissioner requests that the ALJ's Decision be affirmed. (Joint Stipulation at 19). The Joint Stipulation has been taken under submission without oral argument.

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.
//
//
//

4

**III. Discussion**

    **A. Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to properly evaluate his subjective symptom testimony. (Joint Stipulation at 4-6, 9-10).

In assessing credibility, "the ALJ may use 'ordinary techniques of credibility evaluation,' such as considering the claimant's reputation for truthfulness and any inconsistent statements in [his] testimony." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)). If a claimant produces objective medical evidence that he suffers from an ailment that could cause pain, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may not reject a claimant's statements regarding his limitations solely because they are not supported by objective evidence. *Tonapetyan*, 242 F.3d at 1147-48. However, "[w]here the evidence is susceptible to more than one rational interpretation," the ALJ's conclusions must be upheld. *Morgan v. Commissioner of Social Security,* 169 F.3d 595, 599 (9th Cir. 1999).

At the hearing, Plaintiff reported a variety of symptoms and limitations. He testified that he suffers from pain in his back, can stand for only ten to fifteen minutes, needs to sit in his recliner and put his feet up during the day, and experiences pain in his ankles, knees, and hips if he does a lot of walking. (AR at 385-86). Plaintiff described his pain as "aggravating as heck." (AR at 386). Plaintiff also stated that he does not like to be around people. (AR at 386). When asked about problems with depression, he said he did not "feel so

great." (AR at 386). Plaintiff asserts that the ALJ failed to properly address his testimony in the decision. However, with respect to Plaintiff's complaints about his knees, hips, depression, difficulty standing, and dislike of people, his argument is belied by the record. (AR at 318). And, although the ALJ did not specifically mention Plaintiff's testimony concerning his use of a recliner or pain in his ankles, the ALJ was not required to discuss every piece of evidence presented. *See Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984) (explaining that the ALJ is only obligated to discuss why significant, probative evidence is rejected).

Moreover, the ALJ identified specific, clear and convincing reasons for discrediting Plaintiff's testimony. For example, although Plaintiff complained of significant pain, Plaintiff's medical treatment had been minimal and conservative. (AR at 316). In June 1993, Plaintiff injured his back while lifting an air compressor at work. (AR at 154). His Worker's Compensation doctor prescribed physical therapy, Motrin, and pain medication on an as needed basis. (AR at 156). By August 1993, Plaintiff's only complaint was occasional low back pain. (AR at 150). He had good range of motion of the lumbar spine, a normal neurological examination of the lumbar spine, and negative straight leg testing. (AR at 150). Surgical intervention was not recommended. (AR at 135). Plaintiff was put on a modified duty status, with a restriction against only heavy lifting and repeated bending. (AR at 148). In May 1994, a qualified medical examiner assessed similar restrictions (*i.e.*, lifting up to 50 pounds and performing occasional bending, stooping, and twisting). (AR at 181, 319). In September 1998, Plaintiff's treating doctor reported that he had not seen Plaintiff for two years and that the only medication that Plaintiff was taking was an "occasional" Zantac

to prevent a peptic ulcer. (AR at 234). Thus, the ALJ drew rational inferences concerning Plaintiff's credibility based upon his conservative treatment history. *See Fair*, 885 F.2d at 604 (finding that claimant's allegations of persistent, severe pain and discomfort belied by "minimal conservative treatment" and lack of hospitalization for evaluation of treatment of alleged symptoms).

Further, while the ALJ found that Plaintiff had impairments that could reasonably be expected to produce pain, the ALJ found that Plaintiff's claims of disabling pain were inconsistent with his ability to engage in a variety of daily activities (*i.e.*, carrying a 40 pound bag of dog food or a sack of groceries, walking for several blocks, performing household chores and yard work, and working on his car). (AR at 205, 318); *see Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility).

Finally, the ALJ cited a lack of objective medical evidence to substantiate Plaintiff's complaints that he suffered from disabling limitations prior to his date last insured. (*See* AR at 133-204, 233-35, 318-19); 20 C.F.R. § 404.1529(c)(2) (explaining that the medical evidence is a relevant factor in determining the severity of the claimant's pain and its disabling effects).

Accordingly, the ALJ's credibility determination is supported by substantial evidence.

**B.   Type, Dosage, Effectiveness, and Side Effects of Medication**

Plaintiff claims that he experiences fatigue as a side effect of

taking Lotensin.³ (Joint Stipulation at 10; AR at 117). It is well settled that in assessing credibility, "[t]he ALJ must consider all factors that might have a 'significant impact on an individual's ability to work.'" *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) (quoting *Varney v. Secretary of Health & Human Services*, 846 F.2d 581, 585 (9th Cir. 1987), *relief modified*, 859 F.2d 1396 (1988)). Such factors "may include side effects of medications as well as subjective evidence of pain." *Erickson*, 9 F.3d at 818; *Varney*, 846 F.3d at 585 ("side effects can be a 'highly idiosyncratic phenomenon' and a claimant's testimony as to their limiting effects should not be trivialized") (citation omitted).

Here, although the ALJ did not discuss Plaintiff's alleged side effects from taking Lotensin, such evidence was neither significant nor probative. *See Vincent*, 739 F.2d at 1394-95. The record reveals that Plaintiff did not start taking Lotensin until May 2000, which is well past his DLI of December 31, 1998. (AR at 224). Thus, Plaintiff's complaint that he experiences fatigue as a side effect of taking Lotensin is not relevant to his current claim for benefits.

Moreover, as set forth in detail above, the ALJ provided specific reasons, applied the correct legal standards, and based his evaluation of Plaintiff's credibility on substantial evidence in the record. Accordingly, Plaintiff's argument that the ALJ failed to properly consider the side effects from his medication is rejected.

**C. Hypothetical Question**

Plaintiff asserts that the hypothetical question presented to the vocational expert failed to account for Plaintiff's complaints relating

---

³ Lotensin is used for the treatment of hypertension. Physician's Desk Reference 2047-49 (53rd ed. 1999).

to his ankles, knees, hips, depression, dislike of people, and need to use a recliner. (Joint Stipulation at 14-15, 17-18). As discussed above, however, the ALJ properly substantially rejected Plaintiff's subjective symptom testimony. Consequently, the hypothetical that the ALJ offered to the vocational expert was not incomplete. *See, e.g., Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations the ALJ finds to exist); *Martinez v. Heckler*, 807 F.2d 771, 773-74 (9th Cir. 1986).

**IV. Conclusion**

Based upon the applicable legal standards, the Court finds that the Decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. The action is **DISMISSED WITH PREJUDICE.**

DATED: April 9, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge